POULEY, J.
SUMMARY
This matter comes before the COA from a custody action before the Trial Court. Appellant, Dorothy Camarena, is the mother of Joseph Redthunder, appellee, and the grandmother of the three minors in this action. Joseph Redthunder and Leah Jackson, appellees, are the parents of the minors and are currently living off-reservation. Ms. Camarena, Mr. Redthun-der and the minors are all enrolled Colvile tribal members. Ms. Jackson is an enrolled Nez Perce tribal member.
In November 2009, Appellant filed a petition for custody of her grandchildren. She was granted temporary custody of the three children in December 2009. In March 2010, the Trial Court continued the temporary custody of the minor children with the grandmother and allowed the appointment of a GAL if the parties posted a $600 fee ($200 each for Ms. Camarena, Ms. Jackson and Mr. Redthunder)[1]. The Trial Court also granted the grandmother the minors’ per capitas and one-half of their 181-D monies. At the hearing on June 2, 2010, the Trial Court ordered a home study to be done on Ms. Jackson. The home study was submitted to the Court on June 15, 2010 and included both parents in their Spokane home. Ms. Camarena had submitted a home study completed on her. At the June 30, 2010 hearing, after hearing testimony and reviewing the record, the Court awarded permanent custody back with the parents, with the grandmother receiving weekend visitation to transition the children back with their parents. The Court further awarded the minors’ per capitas and one-half of the 181-D monies to the parents. Appellant timely filed her appeal alleging misconduct.
DISCUSSION
At the Initial Hearing the Appellate Panel shall decide (1) whether the facts and/or laws as presented warrant a limited appeal on issues of law and/or of fact; (2) whether a new trial should be granted; or (3) whether the appeal should be denied or dismissed. After a lengthy discussion with the parties and a review of the record, the Appellate Panel finds insufficient grounds to go forward with this appeal on the basis that the Appellant has failed to state a claim for which relief can be granted.
*256 The COA is aware that when parties represent themselves in court, they may not have sufficient legal experience to easily maneuver through the morass that is the court system. However, the GOA still has an obligation to make sure that the cases that come before it have a valid reason for being there. A person who disagrees with a decision must show that an error has been made and that the COA can grant relief because of that error. The party must also make sure that he/she has exhausted all remedies at the trial court before petitioning the COA to hear his/her appeal, i.e. that the case is ripe for appeal.
In the instant case, Appellant alleges that (1) she has had no contact with her grandchildren since the June 30, 2010 hearing; (2) the appellees changed their contact phone numbers and have not supplied the numbers to her; (3) a house key for her residence was to have been surrendered to her and it has not been; (4) the order directed her to relinquish her child restraint seat to the appellees, even though it was her own personal property; (5)she was not given tax exemptions for the children in lieu of her receiving their per capitas and 181-D monies; (6) the Court did not seriously consider her mental health concerns about both appellees and she was not allowed to review the evaluations submitted to the Court; and (7) concerns that the home study that was done was done off-reservation and did not take into account the appellees prior residence which was where the children were initially removed from.
When the COA asked about the relief that Appellant was seeking, she did not offer sufficient information as to exactly what she wanted and/or how the COA could remedy the trial court’s decision. She stated several times that even if the COA found that the trial court erred, Appellant stated she was not seeking a different outcome. She only wants what was ordered to be enforced.
[1] It is clear that Appellant wants to have visitation with her grandchildren. This was ordered by the Court, but due to a lack of contact information, she has been unable to arrange visitation. She also alleges that the appellees have spoken against her to the children and the children have allegedly stated that they do not wish to have visitation with their grandmother. Appellant stated that she has not moved the trial court for enforcement of the visitation order. Appellant appears to feel that the trial court did not “listen” to her then and would not listen to her now. She also appears to be unfamiliar with how to accomplish enforcement of a court order. Enforcement of trial court orders are more properly before the court in which the orders have been issued and not before the COA.
[2] Appellant wants to have phone numbers for the parents so that she can contact them to arrange for visitation. This wasn’t in the Order. This is an issue that properly should be addressed at the trial court. Appellant has admitted that she has not sought help from the trial court in addressing enforcement of its decision. The COA cannot make a ruling on any issue that has not been fully litigated at the trial court[2].
*257 Appellant wants her house key returned. Again, this issue was not addressed in any Order nor did it appear to have been raised in any motion or petition to the trial court.
The next issue is the child restraint seats. Appellant alleges they were ordered to be surrendered to the appellees, but Appellant asserts that the seats are her own personal property. Appellant stated that she thought it was improper for the Court to order surrender of property to someone else that was properly hers. However a review of the June 30, 2010 order shows that the child restraint seats were not ordered to be surrendered to the Appellees. In fact, they were addressed in a prior order, the March 2010 order. That Order stated that in the best interests and safety of the children, the grandmother was to allow the seats to be used for visitation transport, if needed. The seats were to then be returned to the grandmother, along with the minors, at the conclusion of the visitation.
Appellant wants some compensation for the time she had custody of her grandchildren. This issue was not included in the Order. Appellant included this request for compensation in her original petition, filed November 16, 2009. She was granted the per capita and half of the 181-D monies, but apparently did not receive any funds during the time she had her grandchildren (no per capita was given in December, but the 181-D money was distributed in April). The issue of the Spring 2010 181-D monies would be more appropriately handled at the trial court.
Appellant wants the Court to extend mental health treatment to the appel-lees because of her eoncem about their alcohol abuse and prior suicide attempts. She feels that the trial court did not seriously address the mental health and alcohol concerns that she has. However, evaluations were ordered for the parents and they were partially completed. Appellant was not allowed to review the evaluations (possible privacy concerns by the trial court). The Court reviewed the evaluations and determined that disclosure to the Appellant was not necessary. The trial court was satisfied that there existed no cause to order treatment of either parent.
[7] Appellant voiced her concern that the Colville Tribe funded a home study on a non-Colville Indian off the reservation. Appellant also feels that the home study was not properly done. The study was done on the appellees’ new residence, not on the residence where the children were removed from in November 2009. Appellant appears to rely on a police report made by the Spokane Police/Spokane County Sheriff on an incident that happened on 11-23-2008. The report noted that the home appeared to be filthy and disgusting. No action was taken by the Police, however, and the matter dropped. A subsequent home evaluation reported no subsequent issues with cleanliness. The trial court has discretion to use home studies to ensure the best interests and safety of children appearing before it. It would seem more logical to have a Col-ville Tribal case worker do a home study on Colville tribal children, even off reservation, rather than have a potential non-tribal entity try to do the same evaluation. If it is the question of funding, that would be more properly brought before the administrative powers rather than the judiciary.
CONCLUSION
The COA recognizes that this was a family in need of assistance. The *258 grandmother had some very real concerns about the care and safety of her grandchildren. She asked the court system to intercede and it did. The trial court removed the children and put the parents on notice that they needed to address some issues before the children would be returned to them. The parents appeared to have adequately addressed those issues and the trial court returned the children to them. However, the grandmother does not feel confident that those issues were adequately addressed and resolved. The COA reviews the actions and decisions of the trial court and determines if the trial court made any mistakes in interpreting the law as applied to the facts of the case[3]. Unless there is a clear abuse of discretion, this Court will not overturn a decision of the Trial Court. A review for abuse of discretion violation requires that the Court of Appeals must find the Trial Court’s actions were manifestly unreasonable, exercised on untenable grounds, or for untenable reasons. Jack v. CCT, 6 CCAR 11, 3 CTCR 41 (02-14-2002). The COA does not take testimony nor issue rulings just because it may not agree with the decision of the trial court[4]Appellant needs to exhaust her remedies at the trial court. The issues discussed are not ripe for appeal at this time. In the interests of judicial economy, the COA is remanding this case back to the trial court for action so that the issues raised may be properly litigated and decided in the forum which is more appropriate to resolve these issues.
Based on the foregoing, it is Ordered that:
1.This case is dismissed as being not ripe for appeal;
2. The COA will not review the oral record of the June 30, 2010 hearing; and
3. This case is remanded to the Trial Court for action consistent with this Order.

. There is no record that the money was posted and a GAL appointed.

. Court of Appeals Court Rule 5.c states that the COA will not entertain issues on appeal that have not been fully developed and ruled on by the Trial Court. We hold that the issue of Appellant’s indigency has not been properly developed at the Trial Court and we will not rule on it. Gorr/Stensgar v. CCT, 6 CCAR 39, 3 CTCR 47, 29 ILR 6073 (06-28-2002). The Court of Appeals grants the Motion to Dismiss on the grounds that the issue in this matter has not been fully developed and argued before the Juvenile Court. Jerry v, CFS, *257 7 CCAR 01, 4 CTCR 01, 30 ILR 6159 (01-15-2003).

. This appellate court can only consider those matters in the record from the Trial Court in determining whether the Trial Court judge abused his discretion. CCT Credit v. Gua, 5 CCAR 23, 3 CTCR 23 (07-01-1999).

. We cannot substitute what we would have ordered in lieu of what the trial judge ordered just because we may have ruled differently. Watt v. CCT, 4 CCAR 48, 2 CTCR 43, 25 ILR 6027, 8 NALD 7001 (01-21-1998),